**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
AUG 1 6 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

PATRICIA J. HARRIS, )
)
      Plaintiff, )
)
v. ) Civil Action No. 1:18-cv-01826 (UNA)
)
)
JACK S. GILMORE, )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff is a resident of the District of Columbia. Compl. at caption. Defendant is seemingly associated with the Public Defender Service for the District of Columbia, and his address is listed in the District. *Id.* at caption, 2 ¶¶ 2, 4; 13. Plaintiff's instant complaint is entitled, [sic] "law suit legal insufficiency of counsel . . ." *Id.* at caption, 1 ¶¶ 1, 3-4. She alleges that defendant failed to adequately represent her in a criminal matter before the Superior Court of the District of Columbia, and further, conspired with prosecutors against her. *Id.* at caption, 1 ¶¶ 1, 3-4; 2 ¶¶ 2-4; 4 ¶¶ 2-7; 5 ¶¶ 1-8; 6 ¶¶ 1-3; 7 ¶ 1.

While plaintiff cites some federal law within the body of her complaint, the references are arbitrary, and without any connection to her actual allegations. *Id.* at 3 ¶ 1; 4 ¶ 4. Despite having filed a civil complaint, the federal statutes cited in the complaint are criminal in nature. *Id.*

1

Plaintiff, per her own declaration, has filed a legal malpractice lawsuit. *Id.* at caption, 1 ¶¶ 1, 3-4. Plaintiff also admits that, on more than one prior occasion, she attempted to file either this lawsuit, or a very similar lawsuit, before D.C. Superior Court. *Id.* at 2 ¶ 5. She questions the dismissal(s) of these prior actions and various decisions of the D.C. Superior Court.[1] *Id.* at 2 ¶ 5; 7 ¶ 3.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff fails to raise a cogent federal question. Furthermore, plaintiff fails to satisfy the burden to establish diversity jurisdiction. Plaintiff requests $71,000 in damages. Compl. at 10-11. Additionally, all parties are located in the District of Columbia. Therefore, this case will be dismissed for want of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

Date: August 13, 2018

United States District Judge

---

[1] To the extent that plaintiff seeks review of the decisions of the Superior Court, this Court lacks jurisdiction. *See, e.g., Mooreman v. U.S. Bank, N.A.*, No. 10-1219, 2010 WL 2884661, at *1 (D.D.C. July 10, 2010); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *aff'd*, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995). Federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts. *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).